UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States,                              )
                                            )
         v.                                 Case: 1:07-mc-00191
                                            Assigned To : Urbina, Ricardo M.
Tyrone Hawkins,                             Assign. Date : 5/9/2007
                                            Description: MISC.
                 Defendant.
                                            )

NOTICE OF REMOVAL

The Court Services and Offender Supervision Agency for the District of Columbia

("CSOSA"), through the undersigned attorneys, hereby files this Notice of Removal pursuant to

28 U.S.C. §§ 1441, 1442(a)(1), 1446 and Brown & Williamson Tobacco Corp. v. Williams, 62

F.3d 408, 412-415 (D.C. Cir. 1995).  In support of that notice, the following facts are relied

upon:

        1.  CSOSA is in receipt of a subpoena purportedly issued under authority of the Superior

Court of the District of Columbia in a criminal matter now pending in Superior Court of the

District of Columbia.

        2.  Copies of the Subpoena and accompanying correspondence are attached.  See Exhibit

1 (Subpoena dated April 23, 2007, and correspondence).

        3.  The subpoena purports to direct CSOSA to appear on May 10, 2007 at 8:30 a.m., to

"bring . . .any and all records for Tyrone Hawkins . . . including any and all visitation records and

drug test results (PPID: 491985)."  Id.

        4.  This notice of removal is brought pursuant to 28 U.S.C. §§ 1441, 1442(a), 1446 and

Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 412-415 (D.C. Cir. 1995).[1]

WHEREFORE, this subpoena matter is properly removed from the Superior Court of the District of Columbia, to this Court.

Dated: May 9, 2007.                    Respectfully Submitted,

                                       /s/ Jeffrey A. Taylor
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                       /s/ Rudolph Contreras
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney

                                       /s/ John C. Truong
                                       JOHN C. TRUONG, D.C. BAR #465901
                                       Assistant United States Attorney
                                       555 Fourth Street, N.W.
                                       Washington, D.C. 20530
                                       (202) 307-0406

                                       Attorneys for CSOSA

---

[1]     CSOSA is making an effort to negotiate a resolution before the return date of the subpoena. Accordingly, while CSOSA remains hopeful that it can reach a resolution, this matter is removed to this Court so that all challenges to the subpoena can be resolved in this Court. If a resolution is not reached, CSOSA anticipates the filing of a motion to quash.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on May 9, 2007, service of the foregoing Notice of Removal

of a Civil Action has been made by mailing and faxing copies thereof to:

Matthew Davies
Berkshire Building
6801 Kenilworth Ave. Ste. 202
Riverdale, MD 20737
Fax: 301-699-8706

John C. Truong
Assistant U.S. Attorney

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States,               )
                                   )

        v.                  )
                                   ) Case No.: 2006-CF2-021407

Tyrone Hawkins          )
                                 ) Judge Combs-Greene

          Defendant.       )
_____)

NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Tyrone Hawkins
       c/o
       Matthew Davies
       Berkshire Building
       6801 Kenilworth Ave. Ste. 202
       Riverdale, MD 20737
       Fax: 301-699-8706

PLEASE TAKE NOTE that on May 9, 2007, the Court Services and Offender

Supervision Agency for the District of Columbia ("CSOSA"), through counsel, filed with the

Clerk of the United States District Court for the District of Columbia a Notice of Removal in the

above captioned subpoena matter, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446. The

Superior Court of the District of Columbia "shall proceed no further unless and until the case is

remanded." See 28 U.S.C. § 1446(d). A copy of the Notice of Removal (and attachments) are

attached hereto.

Dated: May 9, 2007.             Respectfully Submitted,


                                ___/s/___Jeffrey A. Taylor_____
                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                United States Attorney

/s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for CSOSA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 9, 2007, service of the foregoing Notice of Filing of

Notice of Removal of a Civil Action has been made by mailing and faxing copies thereof to:

Matthew Davies
Berkshire Building
6801 Kenilworth Ave. Ste. 202
Riverdale, MD 20737
Fax: 301-699-8706

John C. Truong

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA

UNITED STATES
DISTRICT OF COLUMBIA

vs.                                    Case No. 2006 CF2 021487

TYRONE   HAWKINS

x To: CUSTODIAN  OF  RECORDS,  CSOSA
633 ~~4600~~ INDIANA  AVE.  WASHINGTON, DC  20004
YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division room/courtroom JUDGE COMBS-GREENE of the Superior Court of the District of Columbia, 500 Indiana Avenue/~~Judiciary Center, 555 Fourth Street,~~ N.W., Washington, D.C. on the 10th day of MAY , 20 07 , at 8:30 (a.m.)/p.m. as a witness for the Defense

☒ and bring with you ANY AND ALL RECORDS FOR TYRONE HAWKINS (DOB 3/24/1977) INCLUDING ANY AND ALL VISTATION RECORDS AND DRUG TEST RESULTS (PDID: 491985)
and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____ , 20 _____ .

_____        _____
Officer in Charge                  District

MATTHEW   DAVIES
Attorney for Government/(Defendant)

Clerk, Superior Court
of the District of Columbia

Phone No. 301 - 699-0769

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

_____        _____
Date                      Judge

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:**

☒ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) |
|---|---|
| STEPHEN BAILEY, ASST. GENERAL COUNSEL | |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
| | 4/23/07   5:15 pm |
| **REMARKS** | Signature of Title of Server |
| | INVESTIGATOR |

CD-1072/Jan. 00                                    *U.S. GPO: 2000-520-516/94582



**Court Services and Offender Supervision Agency
for the District of Columbia**

*Office of the General Counsel*

May 2, 2007

Matthew Davies
Attorney for Tyrone Hawkins
6801 Kemilworth Ave. Suite 202
Riverdale, MD 20737

Re:  Subpoena (US District of Columbia vs. Tyrone Hawkins); Case No. 2006 CF2 021407, for
CSOSA's Records relating to Tyrone Hawkins.

Dear Mr. Davies:

        This letter is in response to the subpoena served on the Court Services and Offender
Supervision Agency for the District of Columbia (CSOSA) for the production of records and
documents pertaining to Tyrone Hawkins to the Superior Court of the District of Columbia on
April 24, 2007.  As explained below, this agency has adopted regulations which require the Office
of General Counsel to make a determination on whether the Agency should comply with a
subpoena or other demand for the production of documents.

        As a federal agency, CSOSA has issued "Touhy" regulations that advise the public of the
procedures that each follows in response to demands for testimony or documents in matters in
which CSOSA is not a party.  In United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), the
U.S. Supreme Court recognized the authority of an agency regulation that required agency
approval prior to the production of government information by any employee.  Relying on that
case, federal executive branch agencies now routinely publish "Touhy" regulations that set forth
their procedures for responding to demands for testimony or documents.

        The Touhy regulations, which appear at 68 Fed. Reg. 32985, 32993-4 (June 3, 2003),
require the CSOSA General Counsel to approve all demands for documents or testimony in order
to ensure compliance with the Privacy Act, other disclosure statutes (e.g., 42 C.F.R. Part 2, drug
and alcohol treatment records; D.C. Official Code §§ 7-1201.01 et seq., D.C. Mental Health
Information Act; and D.C. Official Code §§ 7-302 and 7-1605, HIV/AIDS/cancer confidentiality),
and other applicable laws and regulations.   Such approval must be provided prior to disclosure of
any information sought by subpoena or other demand for the production of documents.

        The purposes underlying the regulations are clearly set forth in 28 C.F.R. 802.27 and
include "[t]o conserve the time of the agency  for conducting official business" and "to protect
confidential, sensitive information and the deliberative processes of the agency."  In general, they
are meant to ensure that disclosure of agency information is in compliance with applicable law and
that agency personnel and resources are used wisely and in an efficient manner.

*633 Indiana Avenue, NW, Twelfth Floor, Washington, DC 20004
Voice: (202) 220-5355  Fax: (202) 220-5350*

Thus, when the agency is served with a subpoena, this office must gather the necessary information, coordinate with affected interests, and review applicable statutes and case law in order to make a determination on whether the agency should comply with the demand and, if so, under what conditions and circumstances. As indicated in a recent telephone conversation with David Wisdom, CSOSA Freedom of Information Act (FOIA) Specialist, this office is willing to assist you in obtaining the documents you seek provided it would not compromise the objectives underlying the regulations. The simplest way to achieve this would be for you to obtain and return properly signed and dated releases from the person named in the subpoenas. Otherwise, we may not be able to comply with the demand unless we conclude, after careful consideration of all the relevant factors in 28 C.F.R. § 802.27(d), that compliance should be authorized.[1]

If you should have any questions regarding the above, please contact David Wisdom (202-220-5321), who is the person assigned to this matter in this office.

Sincerely,

Arthur Elkins
CSOSA Acting General Counsel

Enclosure: Copy of CSOSA Touhy regulations

---

[1] 28 C.F.R. 802.27(d) provides as follows:

To achieve the purposes noted in paragraphs (a)(1) through (6) of this section, the agency will consider factors such as the following in determining whether a demand should be complied with: (1) The Privacy Act, 5 U.S.C. 522a; (2) Department of Health and Human Services statute and regulations concerning drug and alcohol treatment programs found at 42 U.S.C. 290dd and 42 CFR 2.1 *et seq.*; (3) The Victims Rights Act, 42 U.S.C. 10606(b); (4) D.C. statutes and regulations; (5) Any other state or federal statute or regulation; (6) Whether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose; (7) Whether disclosure is appropriate under the relevant substantive law concerning privilege; (8) Whether disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection; and (9) Whether disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.